IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| ALLEN D. WILLIAMS, | : | |
|     Plaintiff, | : | |
| | : | MEMORANDUM DECISION AND ORDER |
| vs. | : | |
| | : | Civil No. 2:07-CV-926 BCW |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | : | Magistrate Judge Brooke C. Wells |
| Security Administration, | : | |
|     Defendant. | : | |

_____

This matter is before the Court on plaintiff Allen D. Williams' petition to reverse the final agency decision regarding his application for Disability Insurance Benefits and Supplemental Security Income under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383(f). This case was assigned to the undersigned, who after briefing was complete, held oral argument on September 12, 2008. As outlined below, the Court is persuaded by plaintiff's claims of error and remands this case for further administrative proceedings.

The Court's role is to determine if the Administrative Law Judge's (ALJ) findings are supported by substantial evidence and to determine whether the ALJ applied the correct legal standards. See *Clifton v. Chater*, 79 F.3d. 1007, 1009 (10th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. See *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

1

The Social Security Administration (SSA) has established a five-part sequential evaluation process for determining whether a claimant is entitled to disability benefits. The SSA determines whether: (1) the claimant is currently working; (2) the claimant suffers from a "severe" impairment which could interfere with his ability to perform basic work activities; (3) the impairment meets or equals a "listed impairment" recognized by the SSA; (4) the impairment prevents the claimant from performing relevant work which he has performed in the past; (5) the impairment prevents the claimant from performing any work available in the economy. *See* 20 C.F.R. §§ 404.1520(a)-(f); *see also Williams v. Bowen,* 844 F.2d 748, 750-51(10th Cir. 1988).

The Court finds the ALJ erred at step two by failing to properly consider the available evidence concerning plaintiff's mental impairments. At step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert*, 482 U.S 137, 140-41 (1987). According to the regulations, an impairment is "severe" if it has more "than a minimal effect on an individual's ability to work." 20 C.F.R. §§ 404.1520(c), 404.1521(a). At step two, the plaintiff "must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams v. Bowen,* 844 F.2d at 751; 20 C.F.R. §§ 404.1521(b), 416.921(b). If a plaintiff "makes the *de minimis* showing of medical severity," *Id.*, the ALJ then considers these "severe" impairments in the analysis at steps three, four, and five.

The step two inquiry is a "*de minimis* screening device to dispose of groundless claims," *Bowen*, 482 U.S. at 153-54, and it should not be used by the ALJ as a tool to disregard plaintiff's substantive mental impairments. At step two the Court finds plaintiff met the threshold showing

that he had "severe" mental impairments by providing medical evidence from his treating professionals-including those that specifically dealt with plaintiff's mental health. The ALJ, however, failed to properly consider this evidence. This error at step two then undermined the ALJ's analysis of the evidence at steps three, four and five. *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 518 (D.Md. 2002)("Erroneous findings at step two usually infect the entire decision, since all of a claimant's impairments must be considered in combination at steps three, four and five."). On remand, the ALJ is instructed to review the record and include at step two, all "severe" mental impairments that are documented by the medical record.

The Court finds similar errors occurred at step three of the ALJ's disability evaluation. At step three the ALJ must determine whether plaintiff's impairments meet or equal a listed impairment. *See* 20 C.F.R. §§ 404.1520(c). Because the ALJ failed to adequately consider plaintiff's alleged mental impairments at step two, the Court finds the ALJ did not provide a thorough discussion of whether plaintiff's mental impairments meet or equal a listed impairment at step three. In *Cruse v. United States Dep't of Health and Human Services*, the Tenth Circuit stated that an ALJ must discuss the listed impairments and "when there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §404.152(a) and the Listing of Impairments and document the procedure accordingly." *Cruse,* 49 F.3d 614, 617 (10th Cir. 1995); *see also Carpenter v. Astrue*, No. 07-5018, slip op. at 10 (10th Cir. August 25, 2008). The ALJ's decision does contain one sentence regarding the Part B mental criteria, but because the ALJ does not discuss that Part B criteria within the context of the mental listings, his step

3

three analysis of the mental evidence is inadequate.  A mere statement that plaintiff's impairments do not meet or equal a listing has been found to be insufficient to complete the step three analysis.  *Marcia v. Sullivan*, 900 F.2d 172 (9th Cir. 1990).

The Court finds the ALJ's step three analysis is not supported by substantial evidence because he did not give proper consideration or weight to Dr. Smith's medical opinion or to Mr. Meacham's opinion.  While the ALJ gave Dr. Smith's opinion some weight, it is unclear from the record which aspects of his opinion the ALJ accepts.  Further, the ALJ failed to articulate why he did not give Dr. Smith's opinion controlling weight, which is contrary to the requirements of Social Security Ruling 96-2p and the factors set forth in 20 C.F.R. §§ 404.1527 and 416.927.  The ALJ's decision also fails to thoroughly discuss Dr. Smith's findings under listings 12.04 and 12.06 and fails to mention Dr. Smith's functional findings on the Mental Residual Functional Capacity Form.  As noted by the Tenth Circuit previously, an ALJ is not to pick and choose from a medical opinion, using only those parts that are favorable to a finding of non-disability.  *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004); *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984).

The ALJ gave "no weight" to evidence provided by Mr. Meacham, which is contrary to Social Security Ruling 06-3p.  Mr. Meacham provided a Psychiatric Review Technique Form, discussing plaintiff's mental symptoms under listings 12.04 and 12.06.  He also completed a Mental Residual Functional Capacity Form documenting the impact of plaintiff's mental impairments in the work setting, which was not addressed in the ALJ's decision.  In *Carpenter v. Astrue*, the Tenth Circuit held that evidence from a treating mental health counselor, or source

other than an "acceptable medical source," is relevant to the questions of severity and functionality. *Carpenter*, No. 07-0518, slip op. at 9; (*quoting* [Frantz v. Astrue, 509 F.3d 1299, 1301-02 (10th Cir. 2007)](#)(discussing S.S.R. 06-3p, 2006 WL 2329939, at *4-*6)). In the instant case the ALJ erred by failing to consider Mr. Meacham's opinions regarding the severity and functionality of plaintiff's mental impairments in regard to questions surrounding the severity and functionality of plaintiff's limitations.

On remand, the ALJ is to consider plaintiff's mental impairments under listings 12.04 and 12.06. The ALJ must also consider the relevant medial evidence from treating and acceptable medical sources and then "link his findings to specific evidence." *See* [Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir.1996)](#).

Additionally, the Court remands this case because the ALJ's findings at step four are not supported by substantial evidence. At step four, the ALJ is required to assess plaintiff's mental and physical residual functional capacity in order to determine if the plaintiff can return to his past relevant work. *See* SSR 82-62. In the instant case the ALJ found only one mental impairment impacting plaintiff's mental residual functional capacity. The ALJ stated plaintiff should have "no more than brief superficial and intermittent contact with the public." Tr. 24. This finding appears to be based upon the medical opinion of Consultative Examiner, Elizabeth Allen, Ph.D., an opinion which the ALJ claims to adopt. But, Dr. Allen noted other moderate mental impairments in her functional assessment that the ALJ did not include in his analysis. In similar fashion, the ALJ also failed to include any of the functional mental limitations documented by Dr. Smith and Mr. Meacham in his step four findings which may have prevented

plaintiff from performing any work.

Defendant argues that the ALJ's step four findings render his errors at step two and step three "harmless" pursuant to *Hill v. Astrue*, 2008 WL 3339174 (10th Cir. 2008 Aug. 12, 2008). Tenth Circuit case law has made it clear that an ALJ's failures at step two or step three are not by themselves good cause for reversal. See *id.* at *2; see also *Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007); *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240 (6th Cir. 1987). But, to fall within the "harmless error" doctrine, the ALJ must "consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe'" *Hill*, 2008 WL 3339174 at *2 at later steps. Here, the Court finds the ALJ failed to correctly perform the step four analysis and adopts the reasoning found in *Carpenter v. Astrue*, 537 F.3d 1264 (10th Cir. 2008).

In *Carpenter*, the Tenth Circuit determined that "the ALJ's discussion of step four [was] insufficient to supply the analysis missing from his step-three discussion." *Id*. at 1270. The court then went on to conclude that the ALJ did not meet his burden of proof at step five because the ALJ's analysis at step five was "undercut by his failure to discuss the evidence in [claimant's] favor at preceding steps." *Id*. The Court finds the instant case to be similar to *Carpenter*. The ALJ's findings at step four are not supported by substantial evidence in the record and therefore the ALJ's errors at steps two and three were not "harmless." Thus, the Court also remands this case for the ALJ to properly evaluate plaintiff's residual functional capacity at step four, which should include any supported mental and physical impairments, and then determine if there are any remaining jobs in the national economy that plaintiff could

perform.

Based on the foregoing, IT IS HEREBY ORDERED that pursuant to 42 U.S.C. § 405(g), this case is remanded to the Commissioner for further administrative proceedings consistent with the Court's decision.

Dated this 6th day of October, 2008.

BY THE COURT:

_____
Brooke C. Wells
U.S. Magistrate Judge